UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 12-20744-CIV-SCOLA/O'SULLIVAN

ROBERTA L. MARCUS, INC., d/b/a
THE MARCUS CENTRE,
    Plaintiff,

v.

NEW CINGULAR WIRELESS PCS, LLC
f/k/a McCAW COMMUNICATIONS OF
FLORIDA, INC., d/b/a AT&T WIRELESS
SERVICES, and BELLSOUTH
TELECOMMUNICATIONS, LLC d/b/a
AT&T FLORIDA,
    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion to Strike Plaintiff's Expert Disclosure with Incorporated Memorandum of Law (DE# 44, 1/28/13) and the Plaintiff's Motion to Extend Expert Witness Disclosure Deadline (DE # 51, 2/21/13). On March 7, 2013, the undersigned held a hearing on the instant motions.

On January 15, 2013, the plaintiff provided the defendants with its expert's report. On January 28, 2013, the defendants moved to strike the plaintiff's expert witness disclosure for failure to comply with the requirements of Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. The plaintiffs provided a supplemental expert report on or about February 21, 2013, after the January 15, 2013 expert disclosure deadline. See Plaintiff's Response in Opposition to Defendants' Motion to Strike Expert Witness Disclosure (DE# 50 at 1, 2/21/13). At the March 7, 2013 hearing, the defendants made an ore tenus motion to strike the supplemental expert report. The plaintiff seeks to extend the expert disclosure deadline.

The Eleventh Circuit has stated that scheduling orders "control the subsequent course of the action unless modified by a subsequent order . . . and may be modified only

upon a showing of good cause." Sosa v. Airprint Sys, Inc., 133 F.3d 1417, (11th Cir. 1998) (citing Fed. R. Civ. P. 16) (internal quotation marks omitted). "If the court finds that the party lacked due diligence, then the inquiry into good cause is ended." Shehada v. City of Miami Beach, Fla., No. 11-22051-CIV, 2012 WL 3801726, at *2 (S.D. Fla. Aug. 30, 2012) (Lenard, J.) (citation omitted).

In the instant case, the plaintiff did not exhibit due diligence in pursuing the information it claims it needed in order to comply with the Rule 26 expert disclosure and as a result, has failed to show the good cause necessary for extending the deadlines in the Scheduling Order. The parties in the instant case did not exchange Rule 26 initial disclosures, as required by the Federal Rules of Civil Procedure. The plaintiff did not file a motion seeking an Order compelling Rule 26 disclosures from the defendants. The plaintiff did not propound discovery on the defendant until January 4, 2013. See Defendants' Reply in Support of Motion to Strike Expert Disclosure (DE# 57 at 2, 3/4/13). Thus, the defendants' responses to the plaintiff's discovery would have been due after the fact discovery cutoff date of February 4, 2013 and after the expert disclosure date of January 15, 2013. See Amended Scheduling Order (DE# 36, 12/6/12). Accordingly, it is

ORDERED AND ADJUDGED that the Defendants' Motion to Strike Plaintiff's Expert Disclosure with Incorporated Memorandum of Law (DE# 44, 1/28/13) is **GRANTED** and that the Plaintiff's Motion to Extend Expert Witness Disclosure Deadline (DE # 51, 2/21/13) is **DENIED** for the reasons stated herein. The plaintiff's expert disclosure and supplemental expert disclosure are hereby **STRICKEN**.

DONE AND ORDERED, in Chambers, at Miami, Florida, this **7th** day of March, 2013.

                                                                         JOHN J. O'SULLIVAN  
                                                                         UNITED STATES MAGISTRATE JUDGE

Copies provided to:  
U.S. District Judge Scola  
All Counsel of Record