UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 12-20744-Civ-SCOIA

ROBERTA L. MARCUS, INC.,

    Plaintiff,

vs.

NEW CINGULAR WIRELESS PCS, LLC, and
BELLSOUTH TELECOMMUNICATIONS, LLC,

    Defendants.

_____/

## ORDER ON DEFENDANTS' MOTION TO STRIKE WITNESS AFFIDAVIT

The Defendants ask the Court to strike the affidavit of Sandra Moore because the Plaintiff did not disclose Moore as a witness pursuant to Federal Rule of Civil Procedure 26(a). Rule 26(a) requires a party to provide the other parties with "the name . . . of each individual likely to have discoverable information – along with the subjects of that information." Fed. R. Civ. P. 26(a)(1)(A)(i). A party is under a continuing obligation to supplement this disclosure of witness information throughout the litigation. Fed. R. Civ. P. 26(e).

If a party "fails to provide . . . [the] identity of a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence on a motion . . . unless the failure is substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). A trial court considering a motion to exclude a witness not listed on the initial disclosures should look to three factors: "(1) the importance of the testimony; (2) the reason for the [party's] failure to disclose the witness earlier; and (3) the prejudice to the opposing party if the witness had been allowed to testify." *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004).

There is an exception to the general rule that the identity of witnesses must be disclosed early on in a case. If a witness is called "*solely*" to impeach the testimony of another witness, the party calling the impeaching witness need not have previously disclosed the identity of the impeaching witness. (*Id.* at 1354) If a witness provides "any substantive testimony" that witness's identity must be previously disclosed. (*Id.*)

In response to the Defendants' motion for summary judgment, the Plaintiff filed Moore's testimonial affidavit. Moore had not been previously disclosed as a witness in this case. Moore worked as a receptionist at the Marcus Centre from September 2001 – December 2002, and again from August 2006 – May 2010. Moore testified that AT&T technicians frequently visited the building to service different parts of the phone and electrical equipment in the building. Moore also testified about Plaintiff's policies and procedures with respect to authorizing AT&T

technicians access to certain areas of the Marcus Centre, and recording the identification of the technician and the reason for his or her visit to the Marcus Centre.  Finally, Moore indicated that in the spring of 2010 an AT&T technician arrived at the Marcus Centre in a state of panic and told her that the multiplexer was not working and that it was disputing service.

The Defendants explain that Moore was not identified during initial disclosures or throughout discovery, and the first time they learned of her was upon reading her affidavit filed in opposition to their summary judgment motion, well after the close of discovery.  The Defendants argue that Rule 37(c)(1) mandates that Moore be excluded as a witness and that her affidavit be stricken since she is a material witness and because her last-minute identification has prejudiced them, in that they are unable to depose her or conduct any discovery at all as to the substance of her statements.  In response, the Plaintiff argues that Moore's testimony is offered as impeachment testimony in response to the testimony of the Defendants' representative, Tom Schneider.

The Plaintiff's response contains several inconsistencies that ultimately render the argument unconvincing.  For example, the Plaintiff asserts that it had no reason to consider Moore as a potential witness until the Defendants filed Schneider's affidavit in support of its motion for summary judgment.  (Resp. 8, ECF No. 88.)  But, the Plaintiff concedes that the issue of whether Defendants' service was impacted when Plaintiff powered down the multiplexer in 2010 "is germane to Plaintiff's *prima facie* case." (*Id.* at 5.)  Those statements are completely incompatible.  If this issue – whether the Defendants' telephone service was disrupted when the multiplexer was shut off – is critical to the Plaintiff's case, it necessarily follows that the Plaintiff should have known that Moore had "discoverable information" that the Plaintiff might "use to support its claims."  Fed. R. Civ. P. 26(a)(1)(A)(i).  This is especially true given that Moore was a long-time employee of the Plaintiff.

The Plaintiff's response also fails because Moore is not called to solely impeach the testimony of Schneider.   Moore's affidavit presents substantive testimony beyond merely contradicting Schneider.   Moore provides information about the frequency of which the Defendants' technicians requested access to the Marcus Centre, and to which areas of the Marcus Centre the technicians requested access, and explains the Marcus Centre's policies and procedures regarding interactions with telecommunications technicians visiting the building.

The Defendants argue there is no justification for having failed to previously disclose Moore as a witness, and that they will necessarily be prejudiced if she is not stricken.  As the Defendants point out, discovery in this case is closed; it is too late for the Defendants to depose Moore, and the case is proceeding to trial in the near future.  It is evident that the Defendants will be prejudiced if the Plaintiff is permitted to spring this witness into the case as the last minute.

In conclusion, the Court reviews the three factors to be considered: (1) importance of the testimony, (2) reason for non-disclosure, and (3) prejudice. *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1353 (11th Cir. 2004). It is undisputed that the Plaintiff failed to timely disclose Moore under Rule 26(a) or (e). Although Moore's testimony is on an important point, that element seems to cut both ways. On the one hand it would be more prejudicial to the Defendants to allow her to testify, but it would be a harsher sanction for the Plaintiff if she were excluded. In this case, the prejudice to the Defendants must win out, because it is the Plaintiff who failed to abide by the Rules. Additionally, the Plaintiff has argued that "Moore's testimony simply provides an additional perspective to that which Mr. Marcus testified to via his affidavit." (Resp. 10, ECF No. 88.) Given this perspective, striking Moore's testimony should not prove overly harsh to the Plaintiff's case since it has other witnesses on which to rely.

In response to the question, "why didn't you disclose this witness," the Plaintiff explains that it had no idea that Moore would be a potential witness until it read Schneider's affidavit. In other words, the Plaintiff is saying that it had no idea that the issue of whether the Defendants were using the multiplexer, or other telecommunications equipment, in the Marcus Centre would come up in this lawsuit. That is preposterous. The Plaintiff admits that this issue is "germane to Plaintiff's *prima facie* case." (Resp. 5.) More than that, a review of discovery propounded by the Plaintiff at the inception of this lawsuit reveals that the Plaintiff was keenly aware that the Defendants' alleged use of the multiplexer was at the heart of this case. (Interrogs. ## 9 - 13, 20, ECF No. 1-3.)

Finally, the Plaintiff has failed to show that Moore's testimony is offered solely for impeachment purposes. *Bearint ex rel. Bearint v. Dorell Juvenile Grp., Inc.*, 389 F.3d 1339, 1354 (11th Cir. 2004) (explaining that if a witness provides "any substantive testimony" that witness's identity must be previously disclosed).

For the reasons explained in this Order, and pursuant to Federal Rule of Civil Procedure 37(c)(1), it is **ORDERED** that the Defendants' Motion to Strike the affidavit of Sandrea Moore is **GRANTED**. The affidavit is **STRICKEN**.

**DONE and ORDERED** in chambers, at Miami, Florida, on September 5, 2013.

_____
**ROBERT N. SCOLA, JR.**
**UNITED STATES DISTRICT JUDGE**